UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

ROBERT ALEJANDRO
BETHANCOURTH MEDINA,

                    Petitioner,

v.                                                  No.  6:26-CV-00161-H

WARDEN, EDEN DETENTION
CENTER,

                    Respondent.

## ORDER

Jose Elias Castellano Medina filed a 28 U.S.C. § 2241 petition for writ of habeas corpus as next friend on behalf of his brother, Robert Alejandro Bethancourth Medina, challenging his immigration detention in the Eden Detention Center (EDC).  Dkt. No. 1.  As explained below, the Court concludes that this action should be dismissed for want of prosecution.

On April 23, the Court determined that Castellano Medina was not authorized to file the petition on behalf of Bethancourth Medina and removed him as a named party to this action. Dkt. No. 8.  Additionally, the Court instructed Bethancourth Medina that, if he intends to pursue habeas relief on his own behalf or with the assistance of a licensed attorney, he must file an amended petition on the proper form within 30 days.  *Id.*  The Court warned Bethancourth Medina that, if he failed to timely comply, the Court would dismiss this action without prejudice for want of prosecution, without further notice.  *Id.*  The Clerk mailed a copy of the Court's April 23 order, the original petition and supporting documents, and a blank copy of the proper petition form to Bethancourth Medina at EDC.  *Id.*  The Clerk also mailed a copy of the Court's April 23 order to Castellano Medina.

The deadline for Bethancourth Medina to comply with the Court's April 23 order expired on May 25. To date, he has not complied with or responded to the Court's order, sought an extension of time to do so, or otherwise communicated with the Court about his case.

Federal Rule of Civil Procedure 41(b) authorizes the district court to dismiss an action sua sponte for failure to prosecute or to comply with a court order. *See Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *see also* Fed. R. Civ. P. 41(b). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash Railroad*, 370 U.S. 626, 629–30 (1962).

As a result of Bethancourth Medina's failure to comply with the Court's order, there is not a live petition pending before the Court. Under these circumstances, the Court concludes that this habeas action must be dismissed without prejudice for failure to prosecute.

So ordered.

Judgment will be entered accordingly.

Dated June __4__, 2026.

_____
JAMES WESLEY HENDRIX
United States District Judge

2